Filed 11/19/14  P. v. Forman CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE, | B253016 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA092627) |
| v. | |
| MARCUS B. FORMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for the County of Los Angeles. Richard R. Romero, Judge.  Affirmed in part, and remanded with directions.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Marcus Forman was convicted by a jury of second degree robbery (Pen. Code, § 211, count 1)[1] and second degree commercial burglary (§ 459; count 2). The jury found true that both crimes were committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) The trial court found that Forman suffered two prior strike convictions (§ 1170.12, subds. (a)-(d), § 667, subds. (b)-(i)), one of which also qualified as a serious felony (§ 667, subd.(a)), and three prior convictions with a prison term (§ 667.5, subd. (b)). Forman contends the trial court abused its discretion by denying his motion to strike one of his two prior strikes. We remand for other sentencing errors, but otherwise disagree and affirm.

## FACTS

On April 24, 2012, at approximately 9:30 p.m., Forman entered a Rite Aid store, approached an undercover loss prevention officer and asked him where he was from. The officer said he was from "nowhere." Forman said, "This is Insane Crip Gang." He then walked to the liquor aisle, placed four bottles of Absolut Vodka in his backpack, and left the store without paying for them.

Another loss prevention officer, Anthony Ford, followed Forman. Ford identified himself as a loss prevention officer and asked Forman to return to Rite Aid. Forman said, "I don't care." Ford continued to follow Forman. Forman put his backpack down, took a fighting stance, and yelled out his gang name. He then retrieved his backpack and ran down the street. Ford continued after him. Forman put down the back pack and again assumed a fighting stance. Ford attempted to pick up the backpack and Forman punched him in the face, causing him to fall back. A car pulled up, Forman jumped in, and he left.

Forman was convicted as charged after trial by jury and sentenced to an aggregate term of 43 years-to-life, computed as follows: on count 1, Forman was sentenced to 25 years-to-life, plus 10 years for the gang allegation and 5 years for the prior serious felony. In addition, Forman received consecutive one-year sentences for each of three prior

---

[1]   All further statutory references are to the Penal Code unless otherwise indicated.

prison terms served. No sentence was imposed on count 2, but the court indicated the count was stayed pursuant to section 654.[2]

Forman filed a timely notice of appeal.

## DISCUSSION

**I.      The Trial Court Did Not Abuse its Discretion in Denying Forman's Request to Strike One of his Two Prior Convictions**

Forman first claims the trial court abused its discretion when it denied his request to strike on of his prior convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).) Forman contends the trial court erred because Forman was not a career criminal and "[t]he instant offense was essentially a petty theft with a single punch in the parking lot, making it a robbery." Forman contends that sentencing him as a second strike offender would have been a sufficient sentence. We disagree.

Section 1385, subdivision (a), authorizes a trial court to exercise its discretion to dismiss a defendant's prior serious or violent felony conviction. (*Romero, supra,* 13 Cal.4th at pp. 529-530.) The court's discretion, however, is limited. (*Id*. at p. 530.) "[T]he court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the trial court's decision for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-378.)

---

**2**      Pursuant to section 654, the court should have imposed sentence on the count and then stayed execution of the sentence. (*People v. Duff* (2010) 50 Cal.4th 787, 796; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.) Because we are remanding to correct the abstract of judgment, we also remand for the trial court conduct a further sentencing hearing to select a term on count 2 and then order it stayed. Because this is an unauthorized sentence, we may correct it at any time. (*People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

Forman has been committing crimes since he was 15-years-old. He had sustained petitions for theft (§ 484, subd. (a)), possession of live ammunition (§ 12101, subd. (b)), failure to obey a court order (Welf. & Inst. Code, § 602), giving a false name to a police officer (§ 148.9) and second degree robbery during which he used a knife (§ 211). As an adult, Forman was placed on formal probation for unlawful possession of a firearm. (§ 12020, subd. (a)(1).) He thereafter violated probation and was convicted of second degree burglary (§ 459), and sentenced to four years in prison. He was then convicted of attempted criminal threats (§§ 664/422) and 16 months in state prison. He was 23 years old when he committed the current offenses and on parole at the time. In committing the current offense, he attempted to intimidate the loss prevention officers by shouting out his gang affiliation. When pursued, he used violence to complete the theft.

Forman has committed, and continues to commit serious and violent felonies. He falls squarely within the purview of the Three Strikes law. Forman minimizes the serious nature of his extensive criminal history and the present crime. The fact that a second strike sentence might be viewed to be a "sufficient sentence," as Forman argues, is not helpful to him. On appeal, we do not review a sentence to determine if another one could be found appropriate. We review the sentence imposed to determine if the court abused its discretion by imposing the one it chose. We find no such abuse here.

## II. Forman's Sentence is Neither Cruel nor Unusual

Forman next claims his sentence violates state and federal proscriptions against cruel and unusual punishment. We are not persuaded.

As an initial matter, we agree with respondent that Forman has waived this issue by failing to raise it in the trial court. The issue of whether an appellant's sentence is cruel and unusual punishment is a fact intensive one, and is based on the nature and facts of the crime and offender. (*See People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196.) It is waived if not raised in the trial court. (*People v. Kelley* (1997) 52 Cal.App.4th 568, 583; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27; and see generally *People v. Scott* (1994) 9 Cal.4th 331, 356.)

4

Further, assuming for the sake of argument that this claim were not waived, given the facts before us, we would find that appellant's sentence did not constitute cruel and unusual punishment. The United States Supreme Court has stated that a "standard of gross disproportionality" has been "articulated in our Cruel and Unusual Punishments Clause precedents." (*United States v. Bajakajian* (1998) 524 U.S. 321, 336, citing *Solem v. Helm* (1983) 463 U.S. 277, 288 and *Rummel v. Estelle* (1980) 445 U.S. 263, 271; and see also *People v. Norman* (2003) 109 Cal.App.4th 221, 230.) "[T]he 'precise contours' of the proportionality principal 'are unclear,' [citation]" and the principle is "applicable only in the 'exceedingly rare' and 'extreme' case." (*Lockyer v. Andrade* (2003) 538 U.S. 63, 72-73 (*Andrade*); see also *People v. Em* (2009) 171 Cal.App.4th 964, 977; *Gonzalez v. Duncan* (9th Cir. 2008) 551 F.3d 875, 879-880.)

Here, Forman received his 43 year to life sentence pursuant to the Three Strikes law. When the legislature has mandated lengthy sentences for recidivism, appellate courts consider an offender's current felony and his history of felony recidivism to determine the gravity of the offense for proportionality purposes. (*Ewing v. California* (2003) 538 U.S. 11, 29 (*Ewing*).) Forman has a lengthy and serious criminal history including prior serious or violent felony convictions, as detailed in section I, *post*. His current offenses include a violent felony. (§ 667.5, subd. (c)(9).) His commission of this offense shows a continued willingness to commit violent felonies. His sentence is not cruel and unusual punishment when examined in light of similar cases rejecting cruel and unusual punishment claims. (See *Ewing, supra*, 538 U.S. at p. 29 [sentence of 25 years to life imposed on a third-strike offender who stole three golf clubs does not violate the Eighth Amendment's prohibition against cruel and unusual punishment]; see also *Andrade, supra*, 538 U.S. 63 [two consecutive sentences of 25 years to life imposed on a third-strike offender who stole approximately $150 worth of videotapes in two separate incidents not cruel and unusual punishment]; *Rummel v. Estelle, supra*, 445 U.S. at pp. 268-286 [the Supreme Court upheld a sentence under a Texas recidivist statute of life with the possibility of parole for obtaining $120.75 by false pretenses, even where the defendant's previous offenses consisted of fraudulent use of a credit card to obtain goods

and services worth $80 and passing a forged check in the amount of $28.36].)

Forman also contends his sentence is grossly disproportionate to his crime because the cost of the vodka he stole was less than $100. First, Forman overlooks the fact that he was not convicted of a petty theft. He was convicted of robbery, a violent felony. His crime is much more serious than others imposed under the Three Strikes law that have repeatedly been upheld by California courts. (See, e.g., *People v. Romero* (2002) 99 Cal.App.4th 1418, 1431-1433 [sentence of 25 years-to-life imposed for third strike of felony petty theft]; *People v. Goodwin* (1997) 59 Cal.App.4th 1084, 1093-1094 [sentence for 25 years-to-life imposed for third strike of petty theft with a prior conviction]; *Ewing, supra*, 538 U.S. 11, 20-21 [sentence of 25 years-to-life in prison for felony theft of golf clubs under California's Three Strikes law, with prior felonies of robbery and burglary, did not violate federal prohibition on cruel and unusual punishment].)

In short, Forman has not been sentenced to 43 years-to-life in prison because he committed a petty theft. Rather, he was so sentenced because he committed a violent felony, and did so to promote criminal gang activity. In addition, his sentence was based on the fact he has previously committed serious and violent felonies, showing he is a career criminal who has demonstrated that he has no intention of abiding by the laws of the State of California. Forman's sentence is not so disproportionate to his crimes that it shocks the conscience and offends fundamental notions of human dignity. As applied, the Three Strikes law does not violate the constitutional prohibitions against cruel and/or unusual punishment.

### III. The One-Year Prior Prison Term Enhancement Must be Stricken

Forman contends, and respondent concedes that the trial court erred by imposing a one-year enhancement under section 667.5, subdivision (b), and a five-year enhancement under section 667, subdivision (a), for the same prior conviction. We agree. Only the greater, five-year enhancement should have been imposed for case No. NA088768. (*People v. Jones* (1993) 5 Cal.4th 1142, 1153.) As a result, we order the one-year enhancement in that case stricken and order the abstract of judgment revised to reflect this order.

6

**IV.    The Abstract of Judgment Must be Amended**

Forman contends, and respondent agrees that the abstract of judgment and minute order incorrectly reflect the trial court's oral pronouncement of sentence. Once again, we agree.

The minute order indicates Forman was sentenced to the high base term of five years on count 1, the robbery. In addition, it indicates the sentence on count 1 is 25 years-to-life. The abstract shows the sentence on the base term of count 1 is 30 years to life. The reporter's transcript demonstrates the trial court in fact imposed a 25-year-to-life sentence as the base term. The oral pronouncement of sentence controls (see *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2), and upon remand the abstract and minute orders should be modified to reflect the court's stated sentence.

## DISPOSITION

The matter is remanded to the trial court with directions to impose a sentence on count 2 and stay its execution, to strike the one-year prior in case No. NA088768, and to modify the abstract of judgment to accurately reflect the trial court's oral pronouncement of sentence. The amended abstract should be forwarded to the California Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


                                        BIGELOW, P.J.

We concur:



          FLIER, J.



          GRIMES, J.

7